IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE ISLAMIC FOOD AND NUTRITION COUNCIL OF AMERICA, <br><br>  Plaintiff, <br><br> v. <br><br> BAKESWEET CORP d/b/a LIBANAIS SWEETS, <br><br>  Defendant. | Case No. _____ <br><br> **JURY DEMANDED** |

## COMPLAINT

Plaintiff, The Islamic Food and Nutrition Council of America ("**IFANCA**"), hereby alleges for its complaint against Defendant Bakesweet Corp. d/b/a Libanais Sweets ("**Libanais**") as follows:

### Nature of the Case

1. This case concerns the unauthorized and infringing use of registered certification marks and is brought under the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*, and under Illinois law.

2. IFANCA provides a service of certifying food products as halal (i.e., in compliance with Islamic dietary laws). Food producers who apply for certification and meet IFANCA's standards are authorized to use IFANCA's certification marks. Consumers rely on those marks to know the food they put into their bodies is halal. Defendant Libanais applied for certification but failed to provide sufficient information for IFANCA to certify the food it was selling. IFANCA therefore denied Libanais's application. Libanais chose to use IFANCA's certification marks anyway.

**Parties**

3. Plaintiff IFANCA is an Illinois corporation with its principal place of business at 777 Busse Highway, Park Ridge, IL.

4. On information and belief, Defendant Libanais is an Illinois corporation doing business at 3300 W. Devon and 4708 Touhy in Lincolnwood, IL.

**Jurisdiction**

5. This action arises under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* This Court has jurisdiction over the subject matter of Counts I and II pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338.

6. This Court has jurisdiction over claims in this Complaint that arise under state statutory or common law pursuant to 28 U.S.C. §§ 1367(a) and 1338(b) because those claims are so related to the federal claim arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. This Court has jurisdiction over Libanais because Libanais resides in Illinois and committed acts complained of herein in Illinois.

8. The Northern District of Illinois is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) because, among other things, a substantial part of the events giving rise to IFANCA's claims occurred in this judicial district and because the sole defendant in this case resides in this judicial district.

**FACTS**

**IFANCA and Its Halal-Certification Program**

9. When used in connection with foods, the term "halal" refers to food that complies with Islamic dietary laws.

10. Since 1982, IFANCA has been committed to promoting the institution of halal.

11. One of the services IFANCA provides is third-party halal certification. Food producers can apply to IFANCA for certification that the food they produce is halal. Once certified, these food producers are authorized to use an IFANCA certification symbol on their products, and consumers know and rely on IFANCA's certification marks to know the food they buy and eat is halal. Certification must be renewed annually.

12. As defined in the Lanham Act, 15 U.S.C. § 1127, a certification mark is "any word, name, symbol, or device, or any combination thereof ... used by a person other than its owner ... to certify regional or other origin, material, mode of manufacture, quality, accuracy, or other characteristics of such person's goods."

13. IFANCA owns the following federal certification mark registrations:

| Mark | Reg. No. | Filing Date |
|---|---|---|
| [HALAL FOOD COUNCIL OF EUROPE logo] | 5,112,179 | 11/05/15 |
| [CERTIFIED HALAL M - ISLAMIC FOOD AND NUTRITION COUNCIL OF AMERICA logo] | 5,014,244 | 6/16/15 |
| [IFANCA INTERNATIONAL SOUTH EAST ASIA AND ASIA REGION HALAL logo] | 4,089,641 | 4/06/10 |

3

| Mark | Registration No. | Date |
|---|---|---|
| [Crescent M logo] | 4,095,013 | 3/18/10 |
| [Crescent M logo with CERTIFIED HALAL ISLAMIC FOOD AND NUTRITION COUNCIL OF AMERICA] | 4,107,238 | 3/18/10 |
| IFANCA | 2,914,345 | 11/03/03 |

14. Each of the registrations identified in the paragraph above is valid and subsisting.

15. Registration Nos. 4,095,013 and 2,914,345 are incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115(b).

16. Food producers who have properly applied to IFANCA for certification, passed the certification requirements, and paid an annual certification fee can be granted authorization to use IFANCA certification marks upon approval by IFANCA.

17. Food producers who have not applied to IFANCA for certification, or who have applied to IFANCA for certification but were unable to show they meet halal standards, are not authorized to use IFANCA's certification marks.

## Libanais

18. In 2014, Libanais applied to IFANCA for halal certification for a variety of baklava products. On June 18, 2014, after reviewing Libanais's application and inspecting Libanais's production facility, IFANCA provided the certification and authorized Libanais to

4

place an IFANCA certification logo on its packaged baklava product. The certification was specifically limited to products produced "on the premises agreed to at Libanais Sweets, 4708 W. Touhy, Lincolnwood, IL 60712."

19. Libanais's original IFANCA certification for its Touhy facility was valid through June 30, 2015. It was renewed twice. The most recent certificate for Libanais's Touhy facility expired on June 30, 2017.

20. In or around April 2017, Libanais indicated to IFANCA that it wanted certification to produce baklava products at a new facility at 3300 W. Devon and also requested information about additional halal certification for more products (including meat products). Libanais submitted application forms in May 2017.

21. On June 13, 2017, after Libanais was unable to provide satisfactory answers to IFANCA's questions about the ingredients and processing of the products for which Libanais sought certification, IFANCA notified Libanais that IFANCA would not be able to provide halal certification services to Libanais. IFANCA specifically instructed Libanais to discard the documents IFANCA had previously presented about certification. Thus, IFANCA expressly revoked any offer to provide any additional certification to Libanais.

22. The following day, IFANCA learned that Libanais falsely represented to consumers through a response to an inquiry on Yelp that IFANCA had provided halal certification of meat and chicken products sold by Libanais.

23. On or about June 29, 2017, notwithstanding its receipt of notification that IFANCA would not certify Libanais's products produced at its Devon facility, Libanais deposited a check to IFANCA's account. IFANCA subsequently returned the funds.

24. Libanais currently is not certified to use IFANCA certification marks in connection with any products produced in any facility after June 30, 2017, and Libanais has never been certified to use IFANCA certification marks in connection with any products produced at its Devon facility.

25. On information and belief Libanais has produced and sold, and currently is producing and selling, goods from its facility at 3300 W. Devon, which goods bear IFANCA certification marks without IFANCA's authorization.

26. Libanais's actions harm, not only IFANCA, but also consumers who rely on IFANCA's certification marks to know that the food they buy and eat is halal.

## COUNT I

### Infringement of Registered Certification Mark
### (15 U.S.C. § 1114(a))

27. IFANCA adopts and incorporates by reference paragraphs 1–26 as if fully restated herein.

28. IFANCA owns valid certification marks, as described herein.

29. Without IFANCA's consent, Libanais has used, and is currently using, reproductions, counterfeits, copies, an/or colorable imitations of IFANCA's registered certification marks in connection with the sale, offering for sale, distribution, and/or advertising of food products, and such use is likely to cause confusion, or to cause mistake, or to deceive.

30. As a direct and proximate result of Libanais's unauthorized use of IFANCA's certification marks, IFANCA has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

31. Libanais willfully committed the acts complained of herein after receiving explicit notice that further use of IFANCA's certification marks was not authorized.

32. Libanais's actions are in violation of Section 32 of the Lanham Act, as amended, 15 U.S.C. § 1114.

33. IFANCA is without any adequate remedy at law to redress Libanais's acts complained of herein and will be irreparably harmed unless Libanais is enjoined from committing and continuing to commit such acts.

## COUNT II

### False Designation
### (15 U.S.C. § 1125(a))

34. IFANCA adopts and incorporates by reference paragraphs 1–26 as if fully restated herein.

35. Through continuous use in commerce for many years, IFANCA has gained common-law rights in the IFANCA certification marks.

36. Without IFANCA's consent, Libanais has used one or more of IFANCA's certification marks, or marks that are confusingly similar to one or more of IFANCA's certification marks, in connection with food products, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Libanais with IFANCA or as to the origin, sponsorship, or approval of Libanais's food products.

37. Libanais has misrepresented to consumers that food products (1) produced and/or sold at or from its facility at 3300 W. Devon at any time and/or (2) produced at its facility at 4708 W. Touhy after June 30, 2017, are certified halal by IFANCA.

38. As a direct and proximate result of Libanais's unauthorized use of IFANCA's certification marks and misrepresentations, IFANCA has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

39. Libanais willfully committed the acts complained of herein after receiving explicit notice that further use of IFANCA's certification marks was not authorized.

40. Libanais's actions are in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125.

41. IFANCA is without any adequate remedy at law to redress Libanais's acts complained of herein and will be irreparably harmed unless Libanais is enjoined from committing and continuing to commit such acts.

## Count III

### Violation of Illinois Uniform Deceptive Trade Practices Act
### (815 ILCS 510/1 *et seq.*)

42. IFANCA adopts and incorporates by reference paragraphs 1–41 as if fully restated herein.

43. Libanais has used and is using IFANCA's certification marks in connection with the sale, offering for sale, distribution, promotion, and advertising of its goods in commerce and falsely representing that certain food products are halal certified by IFANCA in such a manner as to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods.

44. As a direct and proximate result of Libanais's misrepresentations and unauthorized use of IFANCA's certification marks, IFANCA has suffered and will continue to suffer substantial injury and irreparable damage to its business, reputation, and goodwill.

45. By using IFANCA's certification marks without IFANCA's approval or consent, and with knowledge of IFANCA's rights in the certification marks and IFANCA's objections to use of the certification marks, Libanais has willfully infringed upon the rights of IFANCA, with

an intent to deceive consumers and to trade upon the goodwill associated with IFANCA's certification marks.

46. IFANCA is without an adequate remedy at law to redress Libanais's acts complained of herein and will be irreparably harmed unless Libanais is enjoined from committing and continuing to commit such acts.

47. Libanais's acts complained of herein thus violate the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*

### Count IV

### Violation of Illinois Unfair Business Practices Act
### (815 ILCS 505/1 *et seq.*)

48. IFANCA adopts and incorporates by reference paragraphs 1–47 as if fully restated herein.

49. Libanais's acts complained of herein violate the Illinois Unfair Business Practices Act, 815 ILCS 505/1 *et seq.*

50. As a result of Libanais's acts complained of herein, IFANCA has been harmed.

### Prayer for Relief

WHEREFORE, IFANCA requests that judgment be granted in IFANCA's favor and against Libanais and that this Court award it the following relief:

(a) A preliminary injunction and a final, permanent injunction against Libanais and all those in active concert or participation with Libanais, prohibiting them from using, making, advertising, offering for sale, distributing, or selling any products bearing any IFANCA certification mark, or any mark that is confusingly similar to any IFANCA certification mark;

(b) An order that all labels, packaging, wrappers, signs, prints, banners, posters, brochures, or other advertising, marketing, or promotional materials bearing any IFANCA certification mark, or any mark confusingly similar to any IFANCA certification mark, along with the means for making the same, and all Internet websites, online advertising,

        marketing, promotions, or other online materials bearing any IFANCA certification mark, or any mark that is confusingly similar to any IFANCA certification mark, be disabled, removed, and destroyed;

(c)     An order that Libanais must take reasonable steps to recall all product sold with infringing certification marks from the market;

(d)     An order that Libanais must file with the Court and serve on IFANCA's counsel within 30 days after entry of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Libanais has complied with the injunction;

(e)     Damages in an amount to be proven at trial sufficient to compensate IFANCA for all damages caused by Libanais's conduct, with such damages to be trebled if appropriate within the Court's discretion;

(f)     Disgorgement of all profits or other unjust enrichment obtained by Libanais as a result of Libanais's conduct complained of herein, with the amount of such profits increased to the extent they are inadequate to compensate IFANCA for the harm incurred as a result of Libanais's acts;

(g)     Reimbursement of all allowable costs associated with this action;

(h)     Payment of IFANCA's attorneys' fees under 15 U.S.C. § 1117 and/or 815 ILCS 510/3;

(i)     Pre- and post-judgment interest; and

(j)     Any and all additional relief that this Court deems just.

## Jury Demand

IFANCA hereby demands a trial by jury on all issues as to which trial by jury is allowed.

Dated: September 25, 2017

Respectfully submitted,

/s/Kristin J. Achterhof
Kristin J. Achterhof (6206476)
Jeffrey A. Wakolbinger (6297872)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Fax: (312) 902-1061
kristin.achterhof@kattenlaw.com
jeff.wakolbinger@kattenlaw.com

*Attorneys for The Islamic Food and Nutrition Council of America*